**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

VERNON WILLIAMS,

        Petitioner,                      Case Number: 05-CV-74559

v.                                        HON. ARTHUR J. TARNOW

HUGH WOLFENBARGER,

        Respondent.
_____/

## OPINION AND ORDER GRANTING PETITIONER'S MOTION
## FOR CERTIFICATE OF APPEALABILITY

Petitioner Vernon Williams filed a *pro se* petition for a writ of habeas corpus. Petitioner challenged his convictions for seven counts of first-degree criminal sexual conduct, one count of kidnapping, and one count of extortion. The Court denied the petition. Now before the Court is Petitioner's Motion for Certificate of Appealability.

Before Petitioner can appeal the Court's decision, a certificate of appealability under 28 U.S.C § 2253(c)(1)(A) and Fed. R. App. P. 22(b) must issue. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473 (2000), the United States Supreme Court held that where a petition is rejected on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484. In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a certificate of appealability. See Murphy v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam).

Petitioner presented two claims for habeas corpus relief.  First, Petitioner argued that the prosecutor improperly elicited testimony regarding the victim's miscarriage.  The Michigan Court of Appeals held that the evidence was not properly admitted, but the error was harmless.  Based upon all of the factors considered by the Michigan Court of Appeals, the weight and nature of other evidence related to personal injury, the relative brevity of the reference to the miscarriage, the Court held that the admission of this testimony, even if erroneous under state law, was not so egregious as to deprive Petitioner of his fundamental right to a fair trial.

Petitioner also claimed that his trial attorney was ineffective in failing to object to the admission of testimony regarding the victim's miscarriage.  The Michigan Court of Appeals held that while trial counsel erred in failing to object to the admission of this evidence, counsel was not ineffective because Petitioner was not prejudiced by the error.  The Court held that the state court's finding that Petitioner was not prejudiced by his counsel's failing was not contrary to or an unreasonable application of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).  The prosecution's evidence was strong and the defense weak.  The victim's testimony regarding the circumstances of the assault were corroborated by the medical testimony.  Apart from the testimony about the miscarriage, ample evidence was presented, including photographs, to sustain the physical injury element of the criminal sexual conduct charges.  The Court found no reasonable probability that, had the testimony regarding the miscarriage not been elicited, the result of the proceeding would have been different.

The Court finds that reasonable jurists could debate whether Petitioner "deserve[s] encouragement to proceed further" with these claims.  <u>Slack</u>, 529 U.S. at 484 (internal quotation omitted).  Therefore, the Court will grant Petitioner's motion for certificate of appealability.

Accordingly, **IT IS ORDERED** that Petitioner's Motion for Certificate of Appealability is **GRANTED** as to both claims raised in the habeas corpus petition.

        S/Arthur J. Tarnow
        Arthur J. Tarnow
        United States District Judge

Dated: June 9, 2008

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on June 9, 2008, by electronic and/or ordinary mail.

        S/Catherine A. Pickles
        Judicial Secretary